UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTINE HARTMAN,**<br>       Plaintiff<br><br>v.<br><br>**LAFOURCHE PARISH HOSPITAL SERVICE DISTRICT NO. 1, D/B/A LADY OF THE SEA GENERAL HOSPITAL, AND BENNIE SMITH,**<br>       Defendants | **CIVIL ACTION NO.:**<br><br><br>**SECTION:**<br><br><br>**MAGISTRATE:** |

## COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1. This is a proceeding for damages and injunctive relief to redress the deprivation of rights secured to Christine Hartman ("Hartman" or "Plaintiff") by the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.* ("FMLA"), the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12101 *et seq.* ("ADAAA"), and the Louisiana Employment Discrimination Law, La. R.S. 23:301 *et seq.*

2. The FMLA protects employees who must take workplace leave for their own medical reasons as well as for the care of a family member with a serious health condition.

3. The purpose of the ADAAA and parallel Louisiana law is to eliminate employment discrimination against individuals with disabilities. The ADAAA and concurrent state law make it unlawful to intentionally discriminate against a qualified employee on the basis of the person's disability, having a record of a disability, or being regarded as having a disability.

4. The "association" provision of the ADAAA further protects a qualified employee from discrimination based on her relationship or association with a disabled individual.

5. As alleged further below, Hartman's employer discriminated and retaliated against Hartman when it took adverse employment action against her because of her disability, record of a disability, or perceived disability, and/or because of her association with an individual with a disability, and/or because she exercised her rights under the FMLA. In addition, Hartman's supervisor, (made a co-defendant herein in her personal capacity only with respect to the FMLA), violated the FMLA in her treatment of Hartman and is subject to liability under the FMLA.

## II. JURISDICTION

6. The jurisdiction of the Court over this controversy is invoked pursuant to the provisions of 28 U.S.C. §1331, 42 U.S.C. §12117(a), 29 U.S.C. § 2617, and 28 U.S.C. §1367.

## III. VENUE

7. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana. Venue, therefore, lies in the United States District Court for the Eastern District of Louisiana under 42 U.S.C. § 2000e-5(f)(3). Venue is also appropriate in the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1391.

## IV. PARTIES

8. Hartman is a resident of Lafourche Parish, Louisiana. Plaintiff is a person entitled to protection pursuant to the provisions of 42 U.S.C. §12111(8) and 29 U.S.C. § 2611(2).

9. Defendant, Lafourche Parish Hospital Service District No. 1, d/b/a Lady of the Sea General Hospital ("Lady of the Sea"), is a political subdivision of the State of Louisiana, operating in Lafourche Parish, Louisiana. Lady of the Sea was the "employer" of Plaintiff

within the meaning of 29 U.S.C. § 2611(4), 42 U.S.C. §12111(5)(A), and La. R.S. 23:302 at all times relevant to this action.

10. Defendant, Bennie Smith ("Smith"), is a resident of Lafourche Parish, Louisiana. At the time of the unlawful actions that are the subject of this Complaint, Smith was human resources director at Lady of the Sea and Hartman's supervisor. As such, Smith exercised control over Hartman in the decision to terminate Hartman's employment. Smith is being sued in her personal capacity for violating the FMLA and is a person included in the term "employer" pursuant to 29 U.S.C. § 2611(4)(A)(ii)(I).

11. Smith and Lady of the Sea are collectively referred to herein as "Defendants."

## V. STATEMENTS OF FACTS

12. At all times relevant herein, Lady of the Sea employed over 50 employees.

13. Lady of the Sea hired Hartman on or about July 7, 2014. Hartman's position at Lady of the Sea was Medical Staff Coordinator/Human Resources.

14. Smith was Hartman's supervisor.

15. In approximately August 2015, Hartman had a hysterectomy due to ovarian and uterine cysts which caused pelvic and lower back pain making it difficult for her to bend, lift, stand, walk, or sit for long periods of time.

16. In addition, Hartman suffers from a chronic episodic back condition caused by a herniated disc, which causes her to have trouble walking, standing, and sitting for long periods.

17. Hartman planned to return to work two (2) weeks after her hysterectomy although she had been approved for eight (8) weeks of FMLA leave. Because of surgical complications from the hysterectomy, Hartman took the full eight (8) weeks of approved FMLA leave.

18. On or about October 8, 2015, Hartman returned to work from her eight (8) weeks of FMLA leave.

19. Upon her return to work and on or about October 8, 2015, Hartman's supervisor Smith performed a job evaluation on Hartman. Smith expressed her displeasure that Hartman had taken FMLA leave longer than Smith expected.

20. Smith further advised Hartman that she was no longer allowed to take more than one (1) week off at any time for any reason.

21. On or about October 29, 2015, Plaintiff's husband Michael Hartman ("Michael") became ill and was hospitalized for kidney failure.

22. When Michael became ill, Hartman again requested FMLA leave.

23. On or about November 11, 2015, Michael's health care providers confirmed a diagnosis of a blood cancer called multiple myeloma as well as a diagnosis of end stage renal failure.

24. That same day on or about November 11, 2015, Michael called Hartman at work to advise her that a cancer diagnosis had been confirmed.

25. When Hartman became emotional because of Michael's bad news, Smith reprimanded Hartman severely in front of other Lady of the Sea employees and third party insurance agents. At that time, Smith further began monitoring Plaintiff's every move on hall monitor cameras.

26. On or about November 19, 2015, Smith engaged in a verbal tirade against Plaintiff, whereupon Plaintiff reported Smith to the Lady of the Sea CEO Karen Collins.

27. Thereafter, on or about November 22, 2015, Smith denied Plaintiff FMLA leave to care for her husband Michael, who days before had been diagnosed with the blood cancer

multiple myeloma as well as end stage renal failure. Smith's reasons for denying Hartman FMLA leave were that Hartman had already taken eight (8) weeks of FMLA leave for her hysterectomy and that any additional leave would have to relate to Hartman's hysterectomy and not constitute a new reason, such as her spouse's cancer and renal failure.

28. To ensure that Hartman would not be able to take her husband to doctor's appointments, Smith gave Hartman work to process a short time before her planned departure. When a co-worker offered to do the work instead, Smith wrote Hartman up for passing off work to a co-worker in approximately December 2015.

29. Other than this December 2015 write-up, Hartman had no history of write-ups.

30. In February 2016, Hartman turned in a second request for FMLA leave to care for Michael as he underwent a stem cell transplant. This second request was granted.

31. Hartman cared for Michael from approximately March 21, 2016 to April 25, 2016 and provided updates to Smith. On April 22, 2016, Hartman learned that Michael would be permitted to return home on April 25, 2016 and shared the news with Smith.

32. On April 26, 2016, Hartman returned to work at Lady of the Sea. Smith immediately terminated Hartman's employment as soon as she arrived at work, claiming she made errors on paperwork. During Hartman's leave, Smith had engaged in a search of Hartman's paperwork with the goal of finding a reason to justify Hartman's termination because Hartman had exercised her rights under the FMLA and/or the ADA. These reasons for termination are pretext for prohibited retaliation.

33. After terminating Hartman's employment, Smith further threatened Hartman that she would call security if Hartman stopped to talk to anyone on her way out of the building.

## VI.  DAMAGES

34.     As a direct and proximate consequence of Defendants' unlawful and/or discriminatory policies and practices, Plaintiff has suffered a loss of income, including, but not limited to, past and future wages, reinstatement, benefits, payment for COBRA insurance and various other expenses, pain and suffering, mental anguish, compensatory damages, liquidated damages, and attorney's fees and costs, all to be specified at trial.

## VII.  STATEMENT OF CLAIMS
## FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE FMLA

35.     Plaintiff restates, re-alleges and re-avers and hereby incorporates by reference any and all allegations of paragraphs 1 through 34, inclusive herein.

36.     Plaintiff's ovarian and uterine cysts, which required her to have a hysterectomy, constituted a serious health condition under the FMLA.

37.     Plaintiff's husband was diagnosed with multiple myeloma and end stage renal failure, which constituted a serious health condition under the FMLA.

38.     Defendants failed to notify Plaintiff of her FMLA rights and interfered with, restrained, and/or denied the exercise of or the attempt to exercise Plaintiff's rights under the FMLA.

39.     Plaintiff alleges that when she returned from FMLA leave in 2016, Defendants failed to restore her to her position and/or failed to restore her to an equivalent position in violation of the FMLA.

40.     Plaintiff alleges that Defendants' violation or violations of the FMLA were not in good faith.

41.     Plaintiff further alleges that Defendants repeatedly discriminated and/or retaliated against Plaintiff for exercising her FMLA rights, culminating in her termination from

employment, justifying an award, *inter alia*, of back pay, front pay, interest, benefits, liquidated damages, other monetary losses, and attorney's fees.

**SECOND CLAIM FOR RELIEF – ASSOCIATION DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA**

42. Plaintiff restates, re-alleges and re-avers and hereby incorporates by reference any and all allegations of paragraphs 1 through 41, inclusive herein.

43. Plaintiff's spouse has disability within the meaning of the ADAAA.

44. Plaintiff's husband Michael has multiple myeloma, a cancer caused by malignant white blood cells. Among other things, these malignant cells are harmful to the kidneys and can cause kidney failure, which Michael experienced.

45. Plaintiff's husband Michael also has end stage renal failure, a condition which occurs when the kidneys are no longer able to work at a level needed for daily life.

46. Michael's multiple myeloma and end stage renal failure are disabilities that substantially limit the operation of his major bodily functions including but not limited to normal cell growth, the immune system, and the renal system.

47. Plaintiff alleges that she was a qualified individual with an association (marriage) to an individual with a known disability.

48. Plaintiff suffered harassment and an adverse employment action as a result of disability discrimination because of her relationship with her disabled spouse.

49. The acts complained of herein deprived Plaintiff of equal employment opportunities, by terminating her employment because of the disability status of her husband.

50. The unlawful employment practices herein were committed with malice or reckless indifference to Plaintiff's federally protected rights.

51.     Plaintiff alleges that Lady of the Sea, unlawfully and discriminatorily terminated or constructively terminated Plaintiff's employment on account of her association with a person with a known disability (Plaintiff's spouse), and said action violated the provisions of the ADAAA, justifying an award, *inter alia*, of back pay, front pay, interest, benefits, special damages, compensatory damages, and attorney's fees.

**THIRD CLAIM FOR RELIEF – DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA AND LOUISIANA LAW**

52.     Plaintiff restates, re-alleges and re-avers and hereby incorporates by reference any and all allegations of paragraphs 1 through 51, inclusive herein.

53.     Plaintiff has a disability within the meaning of the ADAAA.

54.     Plaintiff had ovarian and uterine cysts, a gynecological disorder characterized by severe pelvic and lower back pain. Plaintiff's condition substantially limited the operation of major bodily functions such as Plaintiff's reproductive and neurological systems. Plaintiff was required to have a hysterectomy as a result of her ovarian and uterine cysts.

55.     In addition, Plaintiff has a chronic condition that causes episodic back pain and stems from a herniated disc. Plaintiff's condition substantially limits the operation of major bodily functions such as Plaintiff's neurological system.

56.     At the time of his discharge, Plaintiff was able to perform all of the essential functions of her job with or without a reasonable accommodation.

57.     Defendant failed to engage in an interactive process and individualized assessment of any purported risks posed by Plaintiff's disability.

58.     Plaintiff suffered an adverse employment action when she was fired as a result of disability discrimination.

59. The acts complained of herein deprived Plaintiff of equal employment opportunities by terminating her employment because of a disability.

60. The unlawful employment practices herein were committed with malice or reckless indifference to Plaintiff's federally protected rights.

61. Plaintiff alleges that Lady of the Sea, unlawfully and discriminatorily terminated or constructively terminated Plaintiff's employment on account of her disability or, alternatively on account of her having a record of physical disability, or alternatively on account of being regarded as having a disability, and said action violated the provisions of the ADAAA, justifying an award, *inter alia*, of back pay, front pay, interest, benefits, special damages, compensatory damages, and attorney's fees.

62. In addition, Plaintiff alleges that Lady of the Sea's unlawful and discriminatory termination or constructive termination of her employment due to her disability, a record of disability, or due to being regarded as having a disability violates the Louisiana Employment Discrimination Law, La. R.S. 23:301 *et seq.*, justifying an award, *inter alia*, of back pay, front pay, interest, benefits, special damages, attorney's fees and compensatory damages.

**FOURTH CLAIM FOR RELIEF - RETALIATION IN VIOLATION OF THE ADAAA AND LOUISIANA LAW**

63. Plaintiff restates, re-alleges and re-avers and hereby incorporates by reference any and all allegations of paragraphs 1 through 62, inclusive, herein. Plaintiff alleges that she has been retaliated against and discharged from employment because of a disability and for seeking to assert her rights under the ADAAA, or, alternatively, she has been retaliated against and discharged from employment because Lady of the Sea regarded her as having a disability, or, alternatively she has been retaliated against and discharged from employment for having a record

of a disability, all in violation of the ADAAA and in violation of the Louisiana Employment Discrimination Law, La. R.S. 23:301 *et seq.*, as amended by La. R.S. 51:2256.

64. Plaintiff further alleges that she has been retaliated against and discharged from employment because of her association with an individual with a disability, namely her spouse Michael, in violation of the ADAAA, as amended.

### VIII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

65. Prior to filing this action, Plaintiff timely filed a written charge asserting disability discrimination and retaliation with the Equal Employment Opportunity Commission within the appropriate number of days and has received a right to sue letter from the United States Department of Justice, Civil Rights Division ("DOJ").

66. In conformance with the law, Plaintiff has filed this action prior to the expiration of ninety (90) days from the date of receiving her right to sue letter from the DOJ.

### IX.  JURY DEMAND

67. Plaintiff herein demands a trial by jury of all issues in this action that may be tried by jury.

### X.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for judgment as follows:

a. For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all fringe benefits and any other employment benefits together with interest on said amounts;

b. For emotional distress, mental anguish and compensatory damages;

c. For liquidated damages;

d.  For pre- and post-judgment interest, if applicable;

e.  For lost monies and damages pertaining to out-of-pocket expenses, including but not limited to insurance payments for COBRA;

f.  For injunctive and equitable relief as provided by law;

g.  For costs of suit, including an award of reasonable attorney's fees and expert fees; and

h.  For such other and further relief as may be just and proper.

Respectfully submitted,

*/s/ Robert B. Landry III*
Robert B. Landry III  (#18998)
rlandry@landryfirm.com
**ROBERT B. LANDRY III, PLC**
5420 Corporate Boulevard, Suite 204
Baton Rouge, Louisiana  70808
Telephone:   (225) 349-7460
Facsimile:    (225) 349-7466

**COUNSEL FOR PLAINTIFF,
CHRISTINE HARTMAN**